THE LAW OFFICE OF DUANE R. FOLKE
DUANE R. FOLKE, ESQ. (STATE BAR # 137341)
3450 WILSHIRE BOULEVARD, SUITE #108-17
LOS ANGELES, CALIFORNIA 90010
Tel.: (213) 387-0762
E-mail: Folkeslaw@hotmail.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| EVELYN NEAL, individually and as Mother of MARVIN GARDNER, deceased; and NELAYAH GARDNER (a minor through her *guardian ad litem* TRILONNI LEWIS), <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, a municipal corporation; JERRY DYER, in his capacity as Chief of the City of Fresno Police Department and in his individual capacity, POLICE OFFICER JOHN DOE NO. 1, in his individual capacity; and, DOES 2 thorough 50, inclusive, <br><br> Defendants. | CASE NO: <br><br> COMPLAINT FOR VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; DEPRAVATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983; WRONGFUL DEATH; AND USE OF EXCESSIVE FORCE <br><br> [JURY TRIAL DEMANDED] |

## INTRODUCTION

Marvin Gardner was shot to death in the back during an attempt to surrender himself to the Fresno Police Department on or about March 17, 2011, after he was alleged to have been a participant in a robbery. Marvin was unarmed and presented no threat to anyone. This lawsuit is brought on behalf of Marvin Gardner's mother and child. The plaintiffs seek to correct the Fresno Police Department's unlawful

1

PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH

policies and practices in the use of excessive force.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 42 U.S.C. Section 1983. Venue is proper in the Eastern District of California, under 28 U.S.C. Section 1391(b), in that a substantial part of the events or omissions giving rise to the plaintiff's claims for relief occurred in this judicial district.

## THE PARTIES

2. The plaintiffs in this case are: — Evelyn Neal (Marvin Gardner's mother); — Trilonni Lewis (as guardian *ad litem* for Nelayah Gardner, Marvin Gardner's Daughter).

3. Defendant City of Fresno is a municipal corporation and a political subdivision of the State of California with the capacity to sue and be sued. The City of Fresno includes the Fresno Police Department.

4. Defendant Jerry Dyer is, and at all times mentioned herein was, the Chief of Police for the Defendant City of Fresno. Chief Dyer is sued individually and in his official capacity.

5. Defendant Police Officer John Doe No. 1, is and at all times mentioned herein was, an officer of the Fresno Police Department. Officer John Doe No. 1 is sued individually and in his official capacity. Plaintiff will amend this Complaint when the true name of Officer John Doe No. 1 is learned as the Fresno Police Department, nor, the City of Fresno has been willing to provide this information.

6. Does 2 through 50, inclusive, are defendants herein under fictitious because their true names, capacities, and degrees of responsibility for the acts alleged herein are unknown to the plaintiffs at this time. When the plaintiffs ascertain this information, they will amend this complaint accordingly. The plaintiffs are informed and thereupon alleged that Does 2 through 50, inclusive, and each of them, are legally liable to the plaintiffs in some part for the wrongful acts and omissions of which the

PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH

1 plaintiffs complain herein.

2   7.   The plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant is jointly and severally responsible and liable to the plaintiffs for the damages hereinafter alleged.

## GENERAL ALLEGATIONS

8.   On or about March 17, 2011, at approximately 8:22 a.m. Marvin Gardner was alleged to have been a participant in a robbery at a check cashing store in the city of Fresno, in the County of Fresno. While, Marvin was not armed, and in fear of being wrongfully accused of being armed, he attempted to surrender to the Fresno Police Department by raising his hands in the air; this, to clearly show the arresting officer that he had no weapon.

9.   On information and belief, despite Marvin's efforts to clearly show to the arresting officer that he was unarmed, Fresno Police Officer John Doe No. 1, without cause and without justification shot and fired his weapon shooting Marvin Gardner in the back.

10.   On information and belief, that after the first shooting the officer ceased firing momentarily. Then, without cause or justification, the officer and then physically struck Marvin Gardner in the head who laid unarmed and defenseless on the ground and killed him using the butt of his weapon.

11.   This, is the latest in a string of shootings of unarmed persons by the Fresno Police Department. On information and belief, in 2009 alone, four people shot by Fresno Police were unarmed. Those prior shootings were unjustified and the officers involved in those shootings were not properly disciplined for their actions. This has led to a culture and belief within the Fresno Police Department that it is permissible to use deadly force against unarmed persons and that no disciplinary

action will be taken by the Fresno Police Department for doing such action(s).

12. The City of Fresno Police Department's failure to train, discipline, and supervise its officers has led to a pattern or practice of using deadly force without justification. This practice has been fueled, at least in part, by the failure to pursue timely investigations of officer involved shootings and timely reviews of the actions of shooting officers. Indeed, since October 27, 2004, there have been approximately 57 shootings by the Fresno Police Department officers. In many cases, purported "investigations" have been kept "open" for years. The practice of keeping internal affairs investigations open for years encourages the police or practice of using excessive force. Indeed, Chief Dyer apparently does not even review internal investigation reports "until they are complete," and as a practice, he does not review the criminal investigations. The investigations have been left unresolved beyond deadlines for disciplining officers, who in most cases — or, at least the 57 shootings alleged herein has been disciplined for their role(s) in any of these shootings. The Defendants' acts and omissions in this regard constitute deliberate indifference to the Constitutional rights of Fresno citizens.

13. This is believed to be a part of a pattern and practice by the Fresno Police Department, where officers, including Fresno Police Officer John Doe No. 1, upon information belief, despite Defendant Dyer's direct knowledge of various officers propensity for the use of excessive force, Defendant Dyer has failed to appropriately investigate shootings involving Defendant John Doe No. 1; and, other officers and officer involved shootings; and, thereby ratified Defendant Police Officer John Doe No.1's unlawful acts by, *inter alia*, promoting and/or not demoting Officer John Doe No. 1 to a lower position in the Fresno Police Department.

///
///
///
///

14. The actions of the officer who killed Marvin Gardner were taken pursuant to the policies and practices of the Fresno Police Department, including, but not limited to, the use of excessive force, and the use of deadly force in encounters with civilians when it is a grossly disproportionate response to a situation, and even when no reasonable basis exists for any use of force whatsoever, not to mention the use of deadly force, as in this case.

15. Despite their knowledge of these illegal policies and practices, the supervisory and policy-making defendants have maliciously and with deliberate indifference taken no effective steps to terminate the policies and practices; have not effectively disciplined or otherwise properly supervised the officers who engage in the policies and practices; have not effectively trained Fresno police officers with regard to the proper Constitutional and statutory limits of the exercise of their authority; and have sanctioned the policies and practices through their deliberate or grossly negligent indifference to their detrimental effect on the Constitutional rights of local residents.

16. Knowing of civil rights abuses by Fresno police officers, and of prior rights violations by Fresno police officers, Defendant Chief Dyer has sought to cover up and ratify the acts publicly, engaging in at least one act of retaliation against a police officer for reporting civil rights violations by Fresno police, failed to remedy those systemic violations knowingly and with deliberate indifference, and promulgated policies on the use of deadly force by officers that deliberately repudiated the Constitutional rights of Fresno residents. The acts, omissions, and policies of Chief Dyer and the City of Fresno were the moving force for the plaintiffs' injuries and subsequent death.

///
///
///
///

17. As the direct and proximate result of the acts, omissions, policies, and practices of the defendants alleged herein, plaintiffs have suffered loss of life, substantial physical and emotional pain and suffering, shock and injury to their nervous system, humiliation, extreme and severe mental anguish, acute anxiety, emotional and physical distress, and fear and depression, all to their damage and detriment.

18. As a further direct and proximate result of the injuries alleged herein, plaintiffs have incurred, and in some instances will continue to incur, burial costs, expenses from the shooting, including lost earnings. Plaintiffs do not know the full amount of such expenses and lost earnings at this time.

19. At all times mentioned herein, and in all of their actions mentioned herein, the individually named defendants were acting under color of law and under color of their authority and within the scope of their employment with the City of Fresno.

20. The conduct of the individually named defendants was willful, wanton, malicious, oppressive, and in bad faith. The defendants also acted with reckless or callous disregard for the rights of plaintiffs and intentionally violated state and federal law. The plaintiffs are thus entitled to an award of punitive damages against each of the defendants.

## ADMINISTRATIVE PROCEEDINGS

21. Pursuant to California Government Code Section(s) 910 *et seq.*, the plaintiffs timely filed claims with the City of Fresno on August 24, 2011. The City of Fresno rejected the plaintiffs' claims on September 12, 2011. The plaintiffs have complied with the claims filing prerequisites of the California Tort Claims Act prior to initiating this action.

///

///

PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH

Law Offices of Duane R. Folke

## PROCEDURAL DECLARATION

22. The plaintiffs are in the process of obtaining the requisite probate approval regarding their status as successor-in-interest, surviving family member, and/or guardian *ad litem* pursuant to Cal. Code. Civ. Pr. Section 377.32, however, in the exercise of due caution and circumspection, to insure that no statutes of limitations; and, or other procedural necessities are overlooked has timely filed this complaint for wrongful death to insure that the parties may proceed.

## FIRST CLAIM FOR RELIEF

**(Violation of Decedent's Fourth Amendment Rights, 42 U.S.C. Section 1983 – Against All Defendants by Plaintiff Neal as Success-in-Interest to Marvin Gardner)**

23. Plaintiff Neal realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 22 of this compliant.

24. The shooting of Marvin Gardner by police officer John Doe No. 1 violated Marvin Gardner's Fourth Amendment rights to be free from the use of excessive force.

25. The above-stated violations of Marvin Gardner's Constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of Defendant City of Fresno and Chief Dyer in at least the following ways: approval, ratification, encouragement, and authorization of excessive use of force by the Fresno police officers, including this case; and, failure to properly train and supervise its police officers in the lawful use of force, despite their knowledge of a pattern of excessive force by Fresno police officers. These acts, omissions, and policies contributed to the shooting of Marvin Gardner.

26. The violation is compensable pursuant to 42 U.S.C. Section 1983. As a result of the defendants' conduct Marvin Gardner suffered loss of life.

///

## SECOND CLAIM FOR RELIEF

**(Violation of Plaintiffs' Fifth Amendment Rights, 42 U.S.C. Section 1983 Against All Defendants)**

27. Plaintiff Neal realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 26 of this compliant.

28. The shooting of Marvin Gardner by police officer John Doe No. 1 violated Marvin Gardner's Fifth Amendment rights to be free from the use of excessive force depriving Plaintiff of due process of law.

29. The above-stated violations of Marvin Gardner's Constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of Defendant City of Fresno and Chief Dyer in at least the following ways: approval, ratification, encouragement, and authorization of excessive use of force by the Fresno police officers, including this case; and, failure to properly train and supervise its police officers in the lawful use of force, despite their knowledge of a pattern of excessive force by Fresno police officers. These acts, omissions, and policies contributed to the shooting of Marvin Gardner.

30. The violation is compensable pursuant to 42 U.S.C. Section 1983. As a result of the defendants' conduct Marvin Gardner suffered loss of life.

## THIRD CLAIM FOR RELIEF

**(Violation of Plaintiff's Fourteenth Amendment Rights, 42 U.S.C. Section 1983– Against All Defendants)**

31. The plaintiffs realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 thorough 30 of this complaint.

32. The defendants' conduct violated plaintiffs' Fourteenth Amendment rights in at least the following ways: the killing of Marvin Gardner violated the liberty interests of Evelyn Neal in the companionship and support of her son; the liberty interests of Trilonni Lewis in the companionship and support of the father of her daughter; and, the liberty interest of Nelayah Gardner in the companionship and

support of her father.

33. The above-stated violations of the plaintiffs' Constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of Defendants City of Fresno and Chief Dyer in at least the following ways: approval, ratification, encouragement, and authorization of excessive use of force by Fresno police officers, including in this case; and, failure to properly train and supervise its police officers in the use of force, despite knowledge of a pattern of excessive force by Fresno police officers. These acts, omissions, and policies contributed to the shooting of Marvin Gardner.

34. These violations are compensable pursuant to 42 U.S.C. Section 1983. As a result of the defendants' conduct, plaintiffs have suffered loss of life, loss of the comfort and society of Marvin Gardner, significant emotional harm, including, but not limited to the special damages pleaded hereinbelow.

### FOURTH CLAIM FOR RELIEF

**(Wrongful Death – Against Defendants City of Fresno, Police Officer John Doe No. 1, and Does 2-50)**

35. The plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 34 of this complaint.

36. Defendant Fresno Police officer John Doe No. 1's conduct resulted in the wrongful death of Marvin Gardner. As a result of the defendants' actions, the plaintiffs have suffered a tremendous loss, including the loss of companionship, comfort, advice, training, affection, solace and society of their son, father, and mother to the Plaintiffs' daughter.

37. Defendant City of Fresno is vicariously liable for the wrongful death of Marvin Gardner through the acts and omissions of Defendant Fresno Police officer John Doe No. 1.

///

///

## FIFTH CLAIM FOR RELIEF

### (Use of Excessive Force Against City of Fresno, Police Officer John Doe No. 1, and Does 2-50)

38. The plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 37 of this complaint.

39. Defendant Fresno Police Officer John Doe No. 1 used excessive force; and; as a result of his conduct, the plaintiffs have suffered a tremendous loss of companionship, comfort, advice, training, affection, solace, and society of their son, father, and mother of the minor Nelayah.

40. Defendant City of Fresno is vicariously liable for the negligent acts and omissions of Fresno Police Officer John Doe No. 1.

## PRAYER

WHEREFORE, each and every plaintiff prays for judgment against all defendants, and each of them, as follows:

1. For general damages against all defendants, jointly and severally, in an amount to be proven at trial;

2. For special damages against all defendants, jointly and severally, in an amount to be proven at trial;

3. For punitive and exemplary damages in an amount to be proven at trial;

4. For attorneys' fees under 18 U.S.C. Section 1988 and the California private attorney general doctrine;

5. For costs of suit; and,

6. For whatever further relief, including injunctive relief, as may be just and proper.

///
///
///

## JURY DEMAND

The plaintiffs hereby demand trial by jury on any and all issues triable by a jury.

Dated: February 27th, 2013

Respectfully Submitted,

_____
DUANE R. FOLKE, ESQ.
Attorney for Plaintiffs